TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Trey Kaiser

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Trey Kaiser, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions, | **1. THE FAIR CREDIT REPORTING ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Trey Kaiser (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Defendant, Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions (hereafter "Defendant"), and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in North Hollywood, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in New York, New York, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f).  Defendant is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

2

## <u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

8.     Within the last year, Plaintiff submitted an application and begin driving for Lyft ("Lyft"), which is an on-demand transportation company based in San Francisco, California.

9.     Thereafter, Lyft submitted Plaintiff's information to Defendant for a background screening report.

10.    On January 11, 2018, Defendant performed a background screening report, which included a criminal records search, and furnished the results to Lyft.

11.    Upon Lyft's receipt of these results, Plaintiff was informed that he would not be allowed to work for Lyft due to a criminal conviction for a case in California.

12.    However, the information provided by Defendant to Lyft was inaccurate.

13.    In fact, the case against Plaintiff was dismissed in 2009, and a plea of not guilty was entered by the court.

14.    Plaintiff sent an email to Defendant to inform it that it had inaccurate information.

15.    To date, Defendant has failed to respond to Plaintiff.

## <u>COUNT I</u>

## <u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>

16.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

COMPLAINT FOR DAMAGES

17.     15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

18.     In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

19.     Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

20.     These failures directly caused the denial of Plaintiff's application for an apartment with Canterbury, which has damaged Plaintiff.

21.     As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and

1681o(a)(2); and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 13, 2018                    TRINETTE G. KENT

By: _ /s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Trey Kaiser

5

COMPLAINT FOR DAMAGES